Tompkins, J.,
delivered the opinion of the Court.
The appellees brought their action against Barry, to recover the possession of some slaves charged to be in his possession.
The defendant failing-to plead within the-time required by the statute, the plaintiffs, took judgment by default; afterwards the defendant moved the Circuit Court to set aside the judgment by default, for reasons assigned in an affidavit filed by him p the Court overruled the motion, and he appeals to this Court.
The defendant, in his affidavit filed on his motion for a setting aside the judgment by default, states that he came into possession of the slaves sued for as administrator of John Hartnett, deceased, and-now holds them as administrator of such deceased;the defendant knows that Hartnett held such slaves for about thiee years before his death, and said defendant had held the same about six or seven years since the death of said Hartnett, and caused an inventory to be made of them and filed as of the property of the deceased; the affiant thought it his. duty to defend the suit, and in-intended to do so, and for such purpose, soon after the commencement of the suit, he employed counsel to defend it, and that his counsel had informed him he had forgot his engagement, and therefore he had failed to put in a plea.
The defendant does not state in his affidavit, either that he has merits or that he believes that he has; on the contrary he statesfacts which may well be true, *264 and yet he may have no merits. The second count of the declaration makes the statement of such a case as the affidavit does, showing that the slaves sued for had been delivered over to Hartnett to be by him retained till some time about the year 1832, and then to be delivered to the plaintiffs. In such a.case as this is, the Court will expect the defendant on motion to set aside a judgment by default, to state in his affidavit that he believes he has merits, and what proof he expects to produce to sustain his case. The Circuit Court, it is thought, has committed no error in refusing., to set aside the judgment by default. Its judgment is therefore affirmed.